```
                    IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF PUERTO RICO
```

**LUIS BADILLO-CRUZ,**             *
Petitioner,                        *
                                   *
                                   *
        v.                         *      Civil No. 04-2408 (PG)
                                   *      Related to Crim. No. 00-333(PG)
                                   *
**UNITED STATES OF AMERICA**,      *
Respondent.                        *
_____    *

## OPINION AND ORDER

Before the Court is the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" filed by Luis Badillo-Cruz ("Petitioner" or "Petitioner Badillo-Cruz"). He alleges, (1) that his guilty plea was not knowing, intelligent, and voluntary because counsel misrepresented to him that his sentence would not exceed 15 years; (2) that, without his knowledge, counsel stipulated to a sentencing guideline calculation leading to a twenty-three year sentence; (3) that he was sentenced in violation of Apprendi and Blakely; (4) that the basis for his sentencing enhancements required an evidentiary hearing; and (5) challenged the criminal history category attributed to him. Pursuant to 28 U.S.C. § 636 (b), and an Order of the Court in implementation thereof, this case was referred to a Magistrate Judge for proposed findings and recommendation. On September 30, 2005, the Report and Recommendation ("R & R") of the Magistrate Judge was filed, to which Petitioner filed objections on December 23, 2005. In accordance with the mandate set forth in 28

Civil No. 04-2408 (PG)
Criminal No. 00-333(PG)                                        Page 2

U.S.C. § 636(b), the Court has reviewed the Report and Recommendation, the Petitioner's objections to said report, and the record as a whole. Based upon this *de novo* review, the Court concludes that the Magistrate Judge's Report and Recommendation should be approved and adopted in its entirety. Accordingly, Petitioner's motion made pursuant 28 U.S.C. § 2255 is DISMISSED.

**I. BACKGROUND**

On June 30, 2000, a Federal Grand Jury returned a One-Count Indictment charging the Petitioner Luis Badillo-Cruz and 18 co-defendants with conspiring, on or about 1992 until the return of the Indictment, to possess with intent to distribute illegal narcotics in violation of 21 U.S.C. § 846. The Indictment characterized Petitioner's role as an "enforcer". (Crim. D.E.[1] 2).

On February 5, 2001 Petitioner entered a "straight plea" of guilty to the Indictment. (Crim. D.E. 188). His plea was considered a straight plea because he did not have a plea agreement. On October 3, 2001, he was sentenced to 276 months imprisonment for this crime, a supervised release term of seven years, and a special monetary assessment of $100.00. (Crim. D.E. 390). Judgment was entered October 11, 2001. (Crim. D.E. 390). His conviction and sentence were affirmed by the U.S. Court of Appeals for the First Circuit.

---

[1] Crim. D.E. is an abbreviation for criminal case docket entry number.

Civil No. 04-2408 (PG)
Criminal No. 00-333(PG)                                    Page 3

United States v. Luis Badillo-Cruz, Appeal No. 06-2492 (1st Cir. April 14, 2004).

On December 23, 2004, Petitioner moved to vacate, set aside or correct the court's sentence pursuant to 28 U.S.C. § 2255 (D.E. 1)[2], and the Government responded on March 14, 2005. (D.E. 7). The Court referred the matter to a Magistrate Judge for a Report and Recommendation ("R & R"). (D.E. 3). The Magistrate Judge recommended dismissal of the Petition and informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of his recommendation. (D.E. 9). On December 23, 2005 Petitioner filed objections to the R & R. (D.E. 12). The Court has undertaken a *de novo* review of the record.

**II. STANDARD OF REVIEW**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard, and a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals. Santiago v. Canon, U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998); United States v. Vega, 678 F.2d 376, 379 (1st

---

[2]D.E. is an abbreviation for docket entry number.

Civil No. 04-2408 (PG)
Criminal No. 00-333(PG)                                          Page 4

Cir.1982) ("There can be no appeal from a magistrate's report and recommendation unless objections are filed thereto." ). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo*. Jasty v. Wright Medical Technology, Inc., 528 F.3d 28, 33 (1st Cir. 2008). The Federal Rules of Civil Procedure dictate this standard of review in Rule 72 (b), which states, in relevant part:

> The district court to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b).

The relevant statute, 28 U.S.C. § 636(b)(1), provides that when a party objects to a magistrate judge's recommendation on a matter, the district court "shall make a *de novo* determination of ... [the] recommendation[ ]." The district court "may accept, reject, or modify, in whole or in part, the ... recommendation[ ] made by the magistrate judge." § 636(b)(1). And, in conducting its *de novo* review, the district court "may ... receive further evidence [on] the matter." § 636(b)(1).

If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review

of the record and adopts the Report and Recommendation; 12 Wright, Federal Practice § 3070.2.

### III. DISCUSSION

Petitioner Badillo-Cruz claims ineffective assistance of counsel on grounds that his guilty plea was not knowing, intelligent and voluntary because counsel misrepresented to him that his sentence would not exceed fifteen years, and that his counsel and the Government stipulated a twenty-three year sentence without his acquiescence.  Petitioner also complains that his sentence violates Apprendi and Blakely standards, that there was no adequate factual basis for the sentencing enhancements, and that the Court should not use his prior convictions to reach a criminal history of III.

This Court finds that the Magistrate Judge thoroughly addressed Petitioner's contentions.  The record must disclose error of constitutional dimension that deprived Petitioner of a fair process in order to make out a due process violation.  The trial record does not reveal that the proceeding was unfair and, the alleged errors, considered collectively, are not of constitutional dimension.

Even though Petitioner has cast the voluntariness of his guilty plea and his sentencing recommendation arguments under the rubric of ineffective assistance of counsel, the Court of Appeals addressed and rejected these claims.  In a collateral attack, a Petitioner may not litigate again issues already raised and rejected on direct appeal nor new issues that could have been, but were not, raised in direct

Civil No. 04-2408 (PG)
Criminal No. 00-333(PG)                                              Page 6

appeal, absent an intervening change in the law. <u>Davis v. United States</u>, 417 U.S. 333, 342 (1974); <u>Singleton v. United States</u>, 26 F.3d 233, 240 (1st Cir. 1993).

In sum, Plaintiff's objections to the Magistrate Judge's well-reasoned Report and Recommendation are unavailing. The Court has reviewed these objections, and to the extent that the objections reiterate the arguments already presented in the Petition, the objections are overruled for the reasons discussed in the Report and Recommendation.

Briefly, Petitioner Badillo-Cruz' assertions that his guilty plea was not knowing, intelligent and voluntary are belied by his own statements made during the change of plea and sentencing hearings. Petitioner stated under oath that no one had made predictions as to the sentence the Court would impose, that he understood that the Court was not bound by any sentence recommendation made by the Government or his attorney, and that the Court had discretion to impose any sentence up to the maximum of life sentence. (C.O.P. Tr. 2). Secondly, when asked by the Court if he was aware of the stipulation entered into between his attorney and the Government as to the Sentencing Guidelines calculations and the recommended sentence, Petitioner answered in the affirmative. (Sent. Hearing Tr. 4). Further, the Court explained clearly that it was not bound by any sentencing recommendation and it could impose any sentence within the statutory range of ten years to a maximum term of life

Civil No. 04-2408 (PG)
Criminal No. 00-333(PG)                                              Page 7

imprisonment. (C.O.P. Tr. 11).  Additionally, the holdings of both Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely V. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)are inapplicable.  Apprendi arguments are not retroactive on collateral proceedings nor is to be retroactively applied. See Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir.2000).  Since Apprendi is not to be applied retroactively, comparable Blakely -like claims run the same fate. Cirilo-Muñoz v. U.S., 404 F.3d 527, 533 (1st Cir. 2005).  In any event, the arguments raised by Petitioner would not favor him because his sentence of 276 months did not exceed the statutory maximum of life imprisonment. The Supreme Court's holding in Apprendi only applies when a defendant's sentence exceeds the statutory maximum. Moreover, Petitioner's argument that the weapons sentencing enhancement were not proven beyond a reasonable doubt are without merit. Under Apprendi, as long as the sentencing enhancement facts found by the Court do not result in a sentence that exceeds the statutory maximum, those facts can be found by the judge under a preponderance of the evidence standard.  See United States v. Robinson, 241 F.3d 115 (1st Cir. 2001).

The balance of Petitioner Badillo-Cruz' objections are a reiteration of his initial arguments already discussed in the R & R. The Court is of the opinion that the conclusions of the Magistrate

Civil No. 04-2408 (PG)  
Criminal No. 00-333(PG)                                          Page 8

Judge are correct and the objections by Petitioner Rivera-Newton are without merit.

Accordingly, after due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED** in its entirety. A final judgment dismissing this case with prejudice will issue by separate document.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 30, 2008.

>                    S/ JUAN M. PÉREZ-GIMÉNEZ  
>                    JUAN M. PÉREZ-GIMÉNEZ  
>                    Senior United States District Judge